IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. ANDRISCIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-568 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Mark S. Andriscin ("Andriscin") seeks judicial review of the Social Security Administration's denial of his claim for disability insurance benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. He alleges a disability onset date of October 5, 2012. (R. 14)[1] Following a January 31, 2017 hearing, during which both Andriscin and a vocational expert ("VE") appeared and testified, the ALJ denied his claim. The parties have filed cross-motions for summary judgment. *See* ECF Docket Nos. 12 and 14. For the reasons set forth below, Andriscin's Motion is granted and the Defendant's Motion is denied. The ALJ's decision is vacated and the case is remanded for further consideration.

### **Opinion**

---

[1] Andriscin initially alleged an onset date of July 31, 2008 but subsequently amended it to coincide with his 55th birthday.

1

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa.

1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Andriscin's claim for benefits. Specifically, he found that Andriscin last met the Act's insured status requirements on December 31, 2013. (R. 16) At step one, the ALJ concluded that Andriscin had not engaged in substantial gainful activity since the alleged onset date. (R. 16) He further determined that Andriscin suffered from severe impairments in the form of cervicalgia and degenerative joint disease of the shoulder. (R. 16) The ALJ then found that Andriscin did not have an impairment or combination thereof that met or medically equaled a listed impairment. (R. 17) The ALJ concluded that Andriscin had the residual functional capacity ("RFC") to perform medium work, with the limitation to only occasional overhead reaching. (R. 17) Finally, the ALJ found that, although Andriscin could not return to his past relevant work, there were other jobs that existed in significant numbers in the national economy that he could perform. (R. 19-20) Accordingly, the ALJ denied benefits.

III. Discussion

Andriscin challenges, in part, the ALJ's conclusions at the second step of the analysis, that he did not suffer from any severe mental impairments. I agree with Andriscin that the ALJ's reasoning on this issue is wanting and that a remand is required. For instance, the ALJ acknowledges that Andriscin had a prescription for valium. (R. 17) In fact, the ALJ references Andriscin's visitations to Dr. Brancolini, the pain management physician. Brancolini's records are replete with references to Andriscin's prescription for valium. (R. 411, 421, 423, 430, 431, 439, 440, 446, 448, 454, 455) The ALJ also refers to Dr. Wilfong, Andriscin's primary care physician. Again, it is clear from a number of entries that Wilfong was prescribing Andriscin valium over a prolonged period of time ranging in time from October of 2012 through July of 2013. (R. 221, 217, 219) Further, Wilfong's records contain repeated references to "depression" or "anxiety" in relation to Andriscin. (R. 208, 210, 211) Additionally, the State Agency psychiatric consultant who reviewed Andriscin's records noted that Wilfong's March of 2013 exam showed a diagnosis of anxiety. (R. 41) Despite this evidence, the ALJ observed that "there was no established mental health impairment diagnosis." (R. 17)

The ALJ's failure to acknowledge the references in the record to anxiety or depression and the consistent prescriptions for valium is troublesome. The ALJ notes that Wilfong's records are "largely illegible." (R. 17) I agree that Wilfong's records are difficult to discern. However, these records may in fact contain information which supports Andriscin's claim of severe mental impairments, particularly in light of the references to anxiety and depression and the prescription for valium.

Because I cannot discern from the ALJ's opinion whether the assessment of Andriscin's mental health impairments was predicated upon mere oversight of records or of factual inaccuracies, a remand is required.[2] On remand, the ALJ should engage in a thorough and thoughtful analysis of Andriscin's diagnosis and treatment, if any, for depression and anxiety. Given the ALJ's reference to Wilfong's "illegible" records, it may be that those records might need to be transcribed or that a consultative examination is required. In remanding, I do not mean to suggest that the decision denying benefits is incorrect, only that, based upon the record before me, I cannot assure myself that the ALJ's basis for denying benefits is appropriate.[3]

---

[2] I recognize that typically, the failure to recognize an impairment as "severe" at the second step of the analysis constitutes a "harmless error" and does not require remand. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007). However, when fashioning an RFC, the ALJ must consider all impairments, whether severe or not. *See Lopez v. Berryhill*, Civ. No. 15-4175, 2019 WL 1930164, at * 2 (May 1, 2019), citing 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). Here, the ALJ did not consider anxiety or depression when fashioning Andriscin's RFC. The ALJ specifically rejected Andriscin's claim to do so. (R. 18) As such, I cannot consider the same to be a "harmless error."

[3] Because I am remanding the case, I need not address Andriscin's other contentions.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. ANDRISCIN<br>Plaintiff, | )<br>)<br>) | |
| -vs- | ) | Civil Action No. 18-568 |
| NANCY A. BERRYHILL,<br>ACTING COMMISIONER OF SOCIAL<br>SECURITY, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 2nd day of July, 2019, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED and the Plaintiff's Motion for Summary Judgment (Docket No. 12) is GRANTED. It is further ORDERED that the case is REMANDED for further consideration consistent with the Opinion set forth above.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge